## MARY L. PEARSON AND OTHERS, *vs.* CHARLES A. WARTMAN AND OTHERS.

*Devise and Legacy—Charging Legacies on Land.*

Under wills executed before the Act of 1894, ch. 438, the personal estate is the primary fund for the payment of legacies, and they are never charged upon the real estate unless such appears to have been the intention of the testator.

The mere fact that the testator gives a legacy to one person, and then gives the rest and residue of his estate to another, does not show an intention to charge the legacy on the real estate.

In a will executed before 1894, the testator, after giving a life-estate in all his property to his wife, gave upon its termination certain pecuniary legacies and then devised to other parties "the remaining portion of my estate." The personal estate was insufficient to pay the legacies. *Held,* that the legacies could not be charged on the land.

Appeal from the Circuit Court of Baltimore City. Charles Hoffman, by his will, probated in Baltimore City in 1875, devised as follows :

" I give and bequeath to my beloved wife, Anna Hoffman, all my real and personal estate, wherever situated, to be held by her for her sole and separate use for and during the period of her natural life, with full power and authority to her, my dear wife, to collect the rents, issues, incomes and profits of the same and apply the same to her sole and separate use, with full power and authority, to my executors hereinafter named, to sell and dispose of, at any time hereafter, any part or the whole of a tract of land containing forty-one acres of land, more or less, situated near the York Road, five miles from the city of Baltimore, and the proceeds arising therefrom to be invested for the same uses and purposes as are above expressed."

After the death of the life-tenant, the will gave certain specific devises and bequests, and also a number of pecuniary legacies, and then disposed of the residue of the estate as follows :

" I give, devise and bequeath the remaining portion of my estate: First, to Alfred, Bennett, two shares; to Mary Jane Hay, of the town of York, Pa., one share; to Maria, the wife of Doctr. Danl. P. Hoffman, one share; to Charles A. Wartman, one share; to Mrs. Eliza Rhodes, my niece, one share; to my sister, Louisa C. Jones, one share. The shares to be alike and of equal value."

Anna Hoffman, the life-tenant of the estate, having departed this life, the personal estate of the testator, exclusive of the portion thereof which has been specifically bequeathed, was appplied toward the payment of the pecuniary legacies of the will, but proved insufficient for their payment in full. The appellants, who are pecuniary legatees under the will, claim that by the terms of the will their legacies are charged upon the real estate of the testator not specifically devised; and they filed the bill in this case against the appellees, who are, or who represent, the persons to whom the residue of the estate was given by the will, to have the residuary real estate declared liable for the payment of the legacies. The appellees demurred to the bill. The Court below (DENNIS, J.), sustained the demurrer, and from its decree dismissing the bill, this appeal was taken.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, BRISCOE, PAGE, ROBERTS and BOYD, JJ.

*Alfred S. Niles* (with whom was *Oscar Wolff* on the brief), for the appellants.

Whether a legacy is charged upon real estate is entirely a question of the intention of the testator. *Ogle* v. *Tayloe*, 49 Md. 159, 175; *Budd* v. *Williams*, 26 Md. 265; *Simmons* v. *Drury*, 2 G. & J. 32. The point, then, for this Court to determine, is this: " Did Charles Hoffman intend that these legacies should be paid out of his real estate, if the personalty proved insufficient? Or did he intend that the residuary devisees should get the real estate in full (less the specific devises) and at all events; and that the legatees

should only be entitled to as much of their legacies as the personalty might be sufficient to pay?"

In this will, by a fair and reasonable construction thereof, the testator intended to put his real and personal property together into one mass or blended fund, and from that mass to take certain legacies and devises, and then to devise and bequeath the remainder to residuary legatees or devisees. That when this is done the specific legacies are charged upon the land, seems to us settled for this State by this Court's late decision in *Seeger* v. *Leakin, Extr.*, 76 Md. 503, 509.

This intention to blend may be gathered from the terms of the residuary clause: "I give, devise and bequeath *the remaining portion of my estate.*" So clear has this seemed, that in England, in the Federal Courts and in most of the States, it is held that the use of words like these in the residuary clause is *conclusive* of this intention to blend, and necessarily charges the legacies previously given upon the land. *Jarman on Wills*, 6th ed., vol. 2, top p. 548; *Am. & Eng. Cyclopedia of Law*, vol. 13, p. 117, and cases cited in note 4; *Greville* v. *Browne*, 7 H. of L. cases, 689; *Baker* v. *Kehr*, 49 Penn. St. 223, 230; *Coxe* v. *Corkendall*, 2 Beas. Ch. 138; *White* v. *Kauffmau*, 66 Md. 92; *Lewis* v. *Darling*, 16 How. 1; *Convine* v. *Convine*, 24 N. J. Eq. 579; *Knotts* v. *Bailey*, 54 Miss. 235; *Moore* v. *Davidson*, 22 S. C. 101.

Although this Court may think that a residuary disposition, by means of the phrase—"balance of my estate," has been decided not conclusive evidence, *of itself*, of an intention to charge preceding legacies on land, still we insist that nowhere is it decided in this State, that the rules of common sense are to be suspended in construing the final clause of wills; or that any phrase—not a *"formula,"*—by which the testator devises the "remaining portion of his estate," after giving previous legacies, is not *exceedingly strong* evidence that he meant the residuary devisees to take nothing, either real or personal, under the residuary clause, until all previous bequests had been satisfied. This

is the position now taken by the Courts of that· State, whose lead we followed—although opposed to the current of judicial opinion—by adopting Chancellor Kent's views, as expressed in *Lupton* v. *Lupton.* See *Hoyt* v. *Hoyt*, 85 N. Y. 149.

*Samuel D. Schmucker* and *Thomas Hughes* (with whom on briefs were *Charles Marshall, George Whitelock, Barton & Wilmer* and *James M. Ambler*), for the appellees.

ROBINSON, C. J., delivered the opinion of the Court.

The question in this case is, whether certain legacies in the will of Charles Hoffman are charged upon his real estate ?

The testator gave to his wife two thousand dollars absolutely, and then he gave to her all his real and personal estate for life, and after her death, he gave pecuniary legacies to some twenty odd persons, amounting in the aggregate to forty-five thousand dollars. The rest and residue of his estate he disposed of in the following language : " I give, devise and bequeath the remaining portion of my estate, first, to Alfred Bennett, two shares ; to Mary Jane Hay, of the town of York, Pa., one share ; to Maria, wife of Dr. Danl. P. Hoffman, one share ; to Charles A. Wartman, one share ; to Mrs. Eliza Rhodes, my niece, one share ; to my sister, Louisa C. Jones, one share. The shares to be alike and of equal value."

The wife survived the testator about twenty years, and upon her death, the personal estate, which had been given to her for life, proved to be insufficient for the payment in full of the legacies. This will having been executed prior to the Act of 1894, ch. 438, the question is not affected by that Act, which provides : " In all wills hereafter executed the real estate of every testator not specifically devised shall be chargeable with the payment of pecuniary legacies, wherever the personal estate, after the payment of debts, shall prove to be insufficient, unless the contrary intention shall clearly appear."

Now, if the qnestion arising upon this will was one of first impression, and we had to construe it by the language in the will itself and without reference to the construction which has been put by this Court upon similar language in other wills, there would be, we must admit, much force in the ingenious argument of the counsel for the appellant. For where a testator gives certain pecuniary legacies, and then gives the remaining portion of his estate, " or the rest and residue of his estate," it may be fairly argued, that he meant the remaining portion of his estate, after the payment of the legacies. And since the decisions in *Bench* v. *Biles*, 4 Madd. 187, and *Greville* v. *Browne*, 7 House ·Lord Cases, 689, this may be considered the established rule in England. But in this State, beginning with *Stevens* ᵥ. *Gregg*, 10 G. & J. 143, decided more than fifty years ago, and affirmed in *Power*. v. *Jenkins*, 13 Md. 458, and reaffirmed in the recent case of *White* v. *Kauffman*, 66 Md. 89, it has been considered as settled law, that where a testator gives legacies, and then gives " the remainder of his estate, real and personal," or " the balance of his estate," or " the rest, residue and remainder of my estate," these and other like. terms are not in themselves sufficient to show an intention on the part of the testator to charge the real estate with the payment of legacies.

These cases all proceed upon the principle that the personal estate is the primary fund for the payment of legacies; and even where the real estate is expressly charged with the payment of legacies, no resort can be had to the real estate unless the personal estate is insufficient, or unless the· testator has by his will exonerated the personal estate from the payment of the legacies. And such being the case, legacies are never charged upon the real estate, unless the testator so declares in express terms, or such intention can be fairly and reasonably inferred from the terms and disposition of the will. The mere fact that the testator gives a legacy to one person and then gives the rest and residue of his estate to another, the residuary clause in itself is not

sufficient to show an intention to charge the legacy upon the real estate. In *Lupton* v. *Lupton*, 2 Johnson's Chancery, 638, where the residuary clause was in these terms : " I give, devise and bequeath all the rest, residue and remainder of my real and personal estate not hereinbefore already devised and bequeathed," Chancellor Kent says : " This clause does not appear to me to afford evidence of an intention to charge the land with these pecuniary legacies. If that residuary clause created such a charge, the charge would have existed in almost every case, for it is the usual clause and a kind of formula in wills." And this language of Chancellor Kent was quoted with approval in the early case of *Stevens* v. *Gregg*, and in *White* v. *Kauffman*, the latest case in which this question has been considered.

In the will before us, the residuary clause is " the remaining portion of my estate ;" in *Stevens* v. *Gregg*, the language was, " the remainder of his estate, real and personal ;" in *Power* v. *Jenkins*, " the balance of my estate." All these expressions mean the same thing, and if so, these cases must be considered conclusive of the question, unless the intention to charge the real estate can be inferred from the general disposition of the will. And it was argued that the fact the testator had given to his wife the entire estate for life was in itself sufficient proof of an intention to make all his property, real and personal, one fund, out of which the pecuniary legacies were to be paid ; and *Ogle* v. *Tayloe*, 49 Md. 158, was relied on, in support of this view. In that case the legacy was held charged on the real estate, but it was so held under a will widely different from the one now before us. There the testator gave his entire personal property to his wife for life, but to have the entire control over it, and to do with it as she might think best. Then he gave to his wife, for life, his real estate, being about fourteen hundred acres of land, and upon her death he gave the real estate to his two sons, Richard and George, to be equally divided between them. And then he gave to his daughter a legacy of three thousand dollars, to be paid to

her by her brothers upon their coming into the possession of the property on the death of their mother. The fact that the legacy was made payable by the brothers upon their coming into possession of the property, together with the further fact, that the widow, the life-tenant, had the right to dispose of the personal property in any manner she might think fit, were facts from which it might be fairly and reasonably inferred that the testator meant that the legacy to his daughter, being the only provision he had made for her, should be charged on the real estate devised to her brothers. " To confine the payment of the legacy to the personalty," say the Court, " would have made it dependent on the use and consumption of the widow, who had an absolute right of disposal by the terms of the will."

Nor do we see how it can be said that there has been such a blending of real and personal property as to constitute one fund, out of which the testator meant that the pecuniary legacies should be paid. He gives, it is true, his entire real and personal estate to his wife for life, and he empowers his executors to sell the whole or part of a tract of land on the York Road containing forty-one acres, the proceeds to be invested for the same uses and purposes as above expressed. That is, if they deemed it best to sell this tract or any part of it, the proceeds were to be invested and the interest thereon to be paid to his wife during her life. And then upon her death, he gives to one person certain ground rents, partly in fee and partly leasehold, and three thousand dollars in money ; and then to another person a ground rent, partly fee and partly leasehold, and five thousand dollars ; and then to another person twenty-five hundred dollars, and so on down to the residuary clause, by which he gives the remaining portion of his estate to the persons therein named. The remaining portion, as construed in the cases to which we have referred, means the remaining portion of his personal estate, if there should be any left after the payment of the legacies, and the remaining part of the real estate not previously disposed of. In

no sense, however, does he treat his entire estate, real and personal, as a blended estate, constituting one fund out of which the legacies were to be paid. So, construing this will according to the well-settled law in this State, we find nothing either in the terms of the will or the general disposition of the property, from which it can be fairly inferred that the testator meant to charge the pecuniary legacies upon his real estate.

*Decree affirmed.*

(Decided February 28th, 1895.)