## JESSE EWELL *vs.* MARY E. McGREGOR ET AL.

*Charge of Pecuniary Legacy Upon Real Estate.*

A testator devised his whole estate, after a life interest therein to his widow, to be divided into six equal parts and distributed among his six children, and directed his executor before making such distribution to pay to Jesse "four hundred dollars out of the property so due my daughter, Mary Eliza." After the death of the widow, the real estate of the testator was partitioned among his children under a decree, and a certain parcel of land was allotted to Mary Eliza. The legatee, Jesse, filed the bill in this case alleging the insufficiency of the testator's personal property to pay his legacy and asked that the same be declared a charge on the land so awarded to Mary Eliza. The will was executed before the Act of 1894, ch. 438, which makes pecuniary legacies a charge on land not specifically devised, and at a time when such legacies were payable only out of the personal property unless the testator had shown his intention that they should be charged on the real estate. *Held,* that the will did not operate to convert the realty into personalty, no power of sale being given to the executor, and that the legacy in this case, which the executor was directed to pay and not the devisee, is not a charge or lien on the land so awarded to the devisee.

Appeal from an order of the Circuit Court for Prince George's County (MERRICK, J.)

The cause was submitted to the Court on briefs by :

*Wells & Wells* and *Robt. A. Hutchison*, for the appellant.

*Chas. H. Stanley, J. K. Roberts* and *Alan Bowie*, for the appellee.

McSherry, C. J., delivered the opinion of the Court.

The bill of complaint in this case was filed to enforce the payment of a legacy bequeathed by a certain Nathaniel M. McGregor to his grandson, Jesse Ewell. McGregor made his will in January, eighteen hundred and sixty-nine and died in the following year. By his will he gave all of his property of every kind and description to his wife during widowhood, with remaining at her death to his children "to be divided into six equal parts or proportions and distributed among six children" who were named "share and share alike with the following exceptions, that is to say : I desire that my executor hereinafter named before making the distribution hereinbefore directed shall pay unto my daughter, Susan E. McGregor, in addition to her said property the sum of six hundred dollars, to be deducted out of the property due my daughter, Mary Eliza, and also four hundred dollars out of the property so due my daughter, Mary Eliza, unto my grandson, Jesse Ewell." Roderick M. McGregor was appointed executor, but was given no power to sell the real estate and there is no direction that the realty should be sold by any one. In eighteen hundred and ninety-four the widow of the testator died. Proceedings were subsequently instituted for a partition of the real estate of which the testator had been seized at the time of his death ; commissioners were appointed to make the partition and their report, wherein they awarded a parcel of land designated lot number five to Mary Eliza McGregor, one of the daughters, was finally ratified by the Circuit Court for Prince George's County. The legacy of four hundred dollars to Jesse Ewell has never been paid, and it is alleged that there is no personal estate of the testator with which to pay it. The bill of complaint charges that in these circumstances the legacy is a

charge and lien upon lot number five so awarded to Mary
Eliza as her interest in her father's estate ; and the relief
prayed against the executor and Mary Eliza McGregor is a
sale of lot number five under a decree, so that out of the pro-
ceeds the legacy and accrued interest thereon may be paid.
To this bill Mary Eliza McGregor demurred. The Court
below sustained the demurrer and dismissed the bill. From
that order the pending appeal was taken.

The single question is this : Is the legacy of four hundred
·dollars a charge or lien upon the share of the testator's estate
devised to his daughter Mary Eliza, as that share has been
partitioned and awarded to her ? If the legacy was not made
by the will a charge or lien upon the real estate of the testator,
then no part of that real estate can be sold for its payment,
and consequently the portion acquired by the daughter would
not be chargeable with it. So the whole controversy resolves
itself into the inquiry : Is the legacy a charge upon the real
estate devised ?

The will was made and became operative before the *Act of
1894, ch. 438*, was adopted. That Act provides that the real
estate of a testator, not specifically devised, shall be charged
with the payment of pecuniary legacies when the personal
estate is insufficient to satisfy them, unless a contrary intention
shall clearly appear. By the explicit terms of the statute the
enactment is not applicable to wills made before it went into
effect. It must, therefore, be laid out of view in considering
the question now before us. How stood the law when the
will spoke ? In the absence of a clear intention to charge a
pecuniary legacy on real estate, manifested either by express
words or by a fair and reasonable implication, all such legacies
were payable only out of the personal estate which remained
after the extinguishment of all debts. According to the terms
of the will the testator had both real and personal estate at
the time of his death and it is averred in the amended bill of
complaint that the personal estate was inadequate to discharge
the debts due by the testator and to pay the legacy. Unless,
then, there is to be found in the will a clear intention to fasten

this legacy on the land devised to the daughter Mary Eliza, and unless that intention be revealed in one or the other of the two ways named, the appellant, Ewell, is without remedy. There is no direction in the will to convert the real estate into money and consequently the share given to the daughter can-not be considered personalty. The executor was not empowered to sell the land at all, and partition proceedings were resorted to for the purpose of dividing it. The *executor* and not the *daughter* was directed to pay the legacy. And he was directed to pay it " before making the distribution" between the six children as prescribed by the will. Inasmuch as the legacy was to be paid by the *executor* and to be paid by him before he "divided" or "distributed" the estate into six equal shares, it is obvious that the duty to pay was imposed upon *him* and not upon the daughter ; and whilst her share was to be diminished by the amount of the two pecuniary legacies, it was to the executor and to no one else, that the legatees could look for payment. In the case of *White, Exr.*, v. *Kaufman et al.*, 66 Md. 93, this Court had before it the question as to whether certain legacies were a charge on land devised. The terms of the will were not the same as those in the will now before us, but a portion of the judgment of the Court is quite applicable here. On the page above referred to it is said : " When we look at the clauses of the will giving these lega-cies, we see that the executor is directed to pay them *out of the estate.* No portion of the real estate is devised to him, and consequently the only portion of the estate over which he has any control is the personalty. It would not be reasonable to construe the will as requiring him to pay out of the realty, when the same will has placed it beyond his reach. It seems to us therefore clear, that if payment is to be made by the ex-ecutor, it must be made out of the personalty. If we now turn our attention to the clause devising the real estate, we find that it is given to the devisee unconditionally; there is no direction or request or intimation that she shall pay the lega-cies. " Had the daughter, Mary Eliza, been charged with the duty to pay the legacy an implication would have arisen that

the intention of the testator was to fasten the legacy as a lien on the land devised to her. *Ogle* v. *Tayloe,* 49 Md. 158. But there is no such duty imposed upon her, and in the condition in which the law stood when the will spoke the legacy was payable by the executor only out of that part of the personalty to which Mary Eliza was entitled, and that failing the legacy was lost. This is the conclusion which the lower Court reached and as we concur therein the order appealed from will be affirmed.

*Order affirmed with costs.*

(Decided January 22nd, 1903.)