## ESTATE OF LEFEBVRE.

*May 24 — June 23, 1898.*

*Wills: Revocation of devise by subsequent contract to sell: Intention.*

Under sec. 2278, R. S. 1878 (providing that every devise of land shall be construed to convey all the estate of the devisor therein, unless it shall clearly appear by the will that he intended to convey a less estate), a devise of certain land was not revoked by the subsequent making of a contract for its sale by the testator, upon which a nominal sum only was paid, where there is nothing to indicate an intention to revoke the devise, and, though it seems evident that the testator did not intend to die intestate as to any of his property, yet that would be the result of a revocation of the devise, there being no residuary clause in the will.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, JR., Circuit Judge. *Affirmed.*

Prior to May 14, 1894, Leopold Lefebvre was the owner of lot 78, subdivision 1, of Newberry's addition to Green Bay. On the date mentioned, Lefebvre made his will, containing a clause as follows: "(5) I give and bequest to *Fred Charles* the north 22 ft. of lot 42, Navarino, with building thereon, and Newberry addition, subdivision No. 1." At that date, lot 78 was the only land he owned in Newberry addition. On April 18, 1895, Lefebvre made a contract in writing to sell lot 78 to one Joseph Crabbe, for the sum of $1,201. One dollar was paid at the execution of the contract, and the remainder was to be paid on or before ten years from date, with six per cent. interest. Crabbe entered into possession of the premises, and has paid no part of the purchase money except the sum of one dollar. Lefebvre died some time in 1896. His will was admitted to probate March 24, 1896; and on March 2, 1897, the county court assigned the balance due on the land contract to the widow, as personal property. The devisee, *Ferdinand Charles*, appealed to the circuit court, and, upon a hearing, the court found the facts as stated, and

directed judgment reversing the order of the county court, and assigning to *Charles* the testator's interest in the land, subject to the land contract. From the judgment so entered the widow, *Margaret Lefebvre*, appeals to this court.

For the appellant there was a brief by *Wigman & Martin*, and oral argument by *P. H. Martin*.

*Sol. P. Huntington*, for the respondent.

BARDEEN, J. At common law, if a man made a will devising specific real property, and before his death contracted to sell the same, this was deemed to be a revocation of his will as to this specific property. This was based upon the theory that the will operated upon the real estate as the testator possessed it at the time of making it; and much nice learning and many rather unsatisfactory distinctions are contained in the books in regard to what change in an estate will amount either to a revocation of a particular devise or of the will itself. In 1837, in England, a statute (7 Will. IV & 1 Vict. ch. 26, sec. XXIII) was passed which provided that no conveyance of real estate made after the execution of a will should prevent the operation of the will upon such portion of the estate as the testator had power to dispose of at his death. Most of the American states have similar statutes, or else have adopted the substance of its provisions by construction, on the ground of their reasonableness and conformity to the probable intention of testators. The principle that runs through all of the old cases is that the devisor must be seised of the same estate at the time of his death that he was seised of when he made his will, to make it a good devise. *Knollys v. Alcock*, 5 Ves. 648; *Bennett v. Earl of Tankerville*, 19 Ves. 170; *Walton v. Walton*, 7 Johns. Ch. 258; *Adams v. Winne*, 7 Paige, 97. The trend of modern decisions seems to be to enforce the will, and to carry out so far as possible the expressed intention of the testator. Our statute (sec. 2278, R. S. 1878) says: "Every

devise of land in any will shall be construed to convey all the estate of the devisor therein, which he could lawfully devise, unless it shall clearly appear by the will that the devisor intended to convey a less estate." In *Dew v. Kuehn,* 64 Wis. 293, it was said, in effect, that this act was not intended to restrict the power of the court in the construction of wills to a consideration of the mere words of the devise, but that the surrounding circumstances and the situation of the testator might be looked to in order to ascertain his real intent.

At the time of the death of Lefebvre, he held the legal title to the lot in question, and the right to demand payment of the entire consideration, except the sum of one dollar paid by the vendee at the execution of the contract. His estate therein was simply subject to the vendee's equity of redemption. His interest or estate was of such potential character that it would pass to his devisee unless there be something in the situation to indicate an intention to revoke the devise. The will acts upon his estate as it existed at the time of his death, and not as it existed at the time it was made. The statute says the devise of the land shall be construed to convey *all the estate of the devisor therein.* This must mean all his estate, both legal and equitable. If, during his lifetime, Lefebvre had assigned the land contract, collected part of the money due, or made any other disposition of his interest in the land, this would have operated as a revocation of the devise *pro tanto.* This would have been an actual conversion of his interest in the land to such form that it would be clear that the terms of the will could not act upon it. No such case is here presented. At the time of his death, he held not only the legal title to the lot, but also the land contract which represented in part his estate in this lot. His will contains no residuary clause. If this contract is not to follow the legal estate, then, as to it, he died intestate, and it must be distributed to his heirs. It

seems quite evident from the whole situation that the testator did not intend to die intestate as to any of his property. There is no presumption to that effect to be indulged in. On the contrary, the opposite presumption is to be invoked whenever the words of a will, fairly construed, indicate an intention to dispose of all of his property. All parties concede that it was the evident intention of the testator, at the time the will was drawn, to give *Charles* whatever interest he had in real estate in Newberry addition, subdivision No. 1. Suppose the vendee in the land contract had failed to perform his contract; it is not claimed that this land would have gone to the heirs at law. It would have been controlled by the terms of the will. By that, the legal title was devised to *Charles;* and, under the statute, it carried all the estate in the land the testator possessed, in absence of an intent, *expressed in the will,* to convey a less estate. A consideration of the circumstances, together with the fact that there was no residuary clause in his will, leads to the conclusion that it was the testator's manifest intention that *Charles* should have this property. *Wright's Heirs v. Minshall,* 72 Ill. 584, is a case somewhat in point.

*By the Court.—* The judgment of the circuit court is affirmed.