Matter of the Estate of CARL H. ASHBACK, Deceased.

(Surrogate's Court, Lewis County, March, 1918.)

Accounting — distribution upon — what deemed assets — executors and administrators — wills — parties — infants — contracts — real property — title — Code Civ. Pro. § 2672.

The amount owing under a contract for the sale of real property is to be treated as personal property and the vendor holds the legal title to the property as security for the payment of the amount owing on the contract, and under section 2672 of the Code of Civil Procedure said amount is distributable as part of the personal estate of the testator.

Testator bequeathed to his wife all his household furniture and an equal undivided one-third of all real estate owned by him at his death and gave the rest, residue and remainder of all his real and personal property to a nephew and a niece, infant parties to the present proceeding brought by the executor for the judicial settlement of his account and for the construction of the will. At the death of testator a contract for the sale of a farm, the only real estate owned by him at that time or in which he had any interest, with certain personal property, was in full force and effect, having been entered into prior to his marriage. No deed of the farm had been made and delivered but the executor collected the amount due on the contract and conveyed the farm to the vendee. *Held,* that the widow was entitled to one-third of the amount collected by the executor after deducting therefrom the debts and funeral expenses of the decedent and the expenses of administration.

APPLICATION by an executor for a final accounting and for construction of a will.

William H. Hilts, for George E. Salisbury, executor herein.

William B. Breen, for Salome Ashback, widow of said deceased.

George S. Reed, special guardian of John Ashback and Margaret Ashback.

CARTER, S.   This is an application by the executor herein for final accounting and for construction of the second clause of the will of said deceased.

The following is a copy of the said 2d clause of said will, viz.:

" *Second.*   To my wife Salome Ashback, I give and bequeath all my household furniture, and an equal undivided one-third of all real estate owned by me at the time of my death."

By the 3d clause of said will said deceased gave " all the rest, residue and remainder " of all his real and personal property to his nephew and niece, John and Margaret Ashback, and they are the infant parties to this proceeding.

Before his marriage to said widow and before the execution of his said will, the said Carl H. Ashback, then being the owner of a farm of land situate in Lewis county, sold said farm with certain personal property, on a written contract, to Ernest E. and Mabel D. Radley for $2,800, to be paid without interest as follows: $5 on execution and delivery of said contract and $150 per year, commencing December 1, 1911, all to become due in eighteen years from December 8, 1910; and it was further provided by said contract that when one-half of the purchase price was paid the said Carl H. Ashback was to give to said Ernest E. and Mabel D. Radley a warranty deed of said farm, and they were to give back to said Carl H. Ashback a mortgage on the said farm to secure the balance of the purchase price, such balance to be paid in the same manner as provided in said contract.

At the time of the death of said deceased only $900 had been paid on said contract, the same was in full force and effect, no deed of the farm had been given

pursuant thereto, and said deceased owned no real property and had no interest in any real property, except the said farm.

It is claimed by the widow that under said second clause of said will she takes one-third of the amount owing on said contract, while the special guardian of said infants claims the amount owing on the contract is personal property and that the widow takes no part thereof.

It is settled in this state, in the case of sale of real property on contract, that the amount owing on the contract is to be treated as personal property, and that the vendor holds the legal title to such real property as security for the payment of the amount owing on the contract. *Williams* v. *Haddock,* 145 N. Y. 144; *Thomson* v. *Smith,* 63 id. 301, 303.

Section 2672 of the Code of Civil Procedure provides in substance that the money unpaid on a contract for the sale of land shall be deemed assets and goes to the executor or administrator to be applied and distributed as a part of the personal property of the testator or intestate.

It is contended by the widow that the vendee having failed to pay according to the terms of the contract thereupon the vendor became vested with his original title to the land no longer subject to the lien of the contract, and, therefore, the widow took an absolute title under the devise to her of an undivided third part of the farm, and cites *Williams* v. *Haddock,* 145 N. Y. 144, in support of such contention. Without passing upon the question of the effect of default in payment, it is sufficient answer to this contention that the vendor accepted payments on the contract after same were due, and thereby waived the forfeiture if any. *McCarty* v. *Myers,* 5 Hun, 83.

In *Van Tassel* v. *Burger,* 119 App. Div. 509, testatrix made a will by which she devised certain real property

to one Baynes, and bequeathed her personal property to one Van Tassel, and after making said will sold said real property on a contract to one Hoffmann. Later the testatrix placed a deed of said real property in escrow, to be delivered to Hoffmann upon payment of the balance due on the contract, and the next day testatrix died and about four hours after her death Hoffmann paid amount due on the contract and received his deed. The testatrix left personal property other than what was owing on the contract, and no debts. The question was whether the devisee of the land, Baynes, or the legatee of the personal property, Van Tassel, should take the consideration paid by the vendee on said contract. Held that the devisee was entitled to the consideration paid on the contract by the vendee. The court said, at page 511: " Baynes took the property on the death of the testatrix subject to her valid agreement made before her death. If he took subject to the infirmity of the agreement, he was likewise entitled to any advantage that might follow by reason of its terms. Equity should not deprive him of the advantage of his ownership, which in this case is the consideration paid by the grantee for his land."

In *Wagstaff* v. *Marcy*, 25 Misc. Rep. 121, one William E. Parsons made a will by which he devised certain lands, and after making said will sold said lands on a contract. The court said, at page 123, " When William E. Parsons died, his personal representatives became entitled to receive the purchase money and hold it for his creditors, if their demands required it. If not so required, it would have gone to his heir-at-law, but in consequence of the devise by him of the land, it would go to his devisee."

The determination in the two authorities last above cited seems to have been controlled in part, at least, by sections 38 and 39 of the Decedent Estate Law, and which last mentioned section provides: "A con-

veyance, settlement, deed, or other act of a testator, by which his estate or interest in property, previously devised or bequeathed by him, shall be altered, but not wholly divested, shall not be deemed a revocation of the devise or bequest of such property; but such devise or bequest shall pass to the devisee or legatee, the actual estate or interest of the testator, which would otherwise descend to his heirs, or pass to his next of kin."

In *McCarty* v. *Myers, supra,* B., who had sold land on a contract, died leaving a will executed after the sale of said land, by which he devised said land. The court said, at page 85: " The contract will pass to the executors of the vendor, who become entitled to enforce it, and they will hold the money for the creditors of their testator, or for the devisee, as the other personal estate of the testator shall or shall not prove sufficient to pay the testator's debts. If the purchaser shall fail to perform the contract on his part, and it is forfeited, the devisee will take the title discharged from the equitable rights of the purchaser, and become the absolute owner in fee."

In the case last cited the contract was made before the will and is directly in point and, but for the fact that some of the leading text books give a contrary rule, it would seem unnecessary to investigate further.

In the case of *Wright* v. *Minshall,* 72 Ill. 584, the testator contracted to sell certain lands, and received notes of the purchaser which were unpaid at the time of his death. The testator left a will, made after said sale, by which he devised said real property to his sister (Mrs. Elizabeth Minshall). The notes were paid to the administrator with the will annexed, and the contest was between the heirs-at-law and the said devisee for the proceeds. The decision was that said proceeds belonged to the said devisee. The court said: "At the time the will was made, the testator

held the legal title to the land, and was, to all intents and purposes, the legal owner of it, and had full power to devise it. Suppose the party who agreed to purchase it had failed to perform his contract, or the contract had been rescinded, it would not be pretended that the land would have gone to the heirs-at-law. * * * the legal title was devised to appellee, she is rightfully entitled to the proceeds of this legal title when sold and conveyed, and this manifestly, was the intention of the testator * * * to devise to appellee such interest as he had in or to arise from the land, and that was the purchase money, though described in the will as land.''

In *Covey* v. *Dinsmoor,* 226 Ill. 438; 80 N. E. Rep. 998; 9 Anno. Cas. 31, James Dinsmoor sold certain land on a contract and afterwards died leaving a will which devised said land subject to said contract to his wife. By the terms of the contract the vendee was to pay $18,865 for the land. He paid $465 down, gave a series of 12 notes, amounting to $4,000 of principal and interest, on the purchase money. Upon the payment of these notes a deed was to be given to the vendee and he was to give back a mortgage for the balance of the purchase price. Eight of these notes remained in possession of the testator, unpaid, at the time of his death. A dispute arose between the widow and the trustee and residuary legatees as to the ownership of said eight notes. The court held that the widow was the owner of the eight notes by virtue of the said devise to her.

In *Beemer* v. *Beemer,* 252 Ill. 452; 96 N. E. Rep. 1058, the court held that a devisee of real estate, which the testator had previously contracted to convey to another at a future time on the payment of a specified price, is entitled to the real estate on the failure of the purchaser to pay the price, or to the price in case the same is paid.

In *Estate of Lefebvre,* 100 Wis. 192; 75 N. W. Rep. 972, the testator owned land, devised same and afterwards sold same on a contract. Held that the devisee was entitled to the money due on the contract at testator's death. This decision was based in part, at least, upon the following statutory provision: "Every devise of and in any will shall be construed to convey all the estate of the devisor therein, which he could lawfully devise, unless it shall clearly appear by the will that the devisor intended to convey a less estate." In discussing this statute the court said, "The devise of the land shall be construed to convey all the estate of the devisor therein. This must mean all his estate, both legal and equitable."

I think by the preponderance of authority, both in the United States and in England, the fact that a man, after selling his land on a contract, devises the same land, and nothing else appears, is taken as sufficient evidence that he intended to pass all his title and interest in the land, including the amount owing on the contract, to the devisee. See cases above cited, and *Chadwick* v. *Tatem,* 9 Mont. 354; *Frick* v. *Frick,* 82 Md. 218; *Drant* v. *Vause,* 1 Y. & C. Ch. 579; *Emuss* v. *Smith,* 2 De G. & Sm. 722; *Pyle* v. *Pyle,* 1 Ch. 724; *Weeding* v. *Weeding,* 1 Johns. & H. 424.

In *Woods* v. *Moore,* 4 Sandf. 579, the testatrix devised two lots of land, describing them, which lots she had sold and conveyed previous to making her will, and then held bonds and mortgages thereon for the unpaid purchase money. Held that the bonds and mortgages passed to the devisee. The court said, at page 589: "The rule established is very plain, that where it is clear that there was an intent that the property in question should pass, it will be held to pass, notwithstanding a misdescription, so long as there is enough of correspondence to afford the means of identifying the subject of the gift. The rule comes

to this, that where it is necessary to carry out the intent that the will shall operate on the real estate, it will be held so to operate, although the object is not thus described, and *vice versa*. So when the devise is of land, and it turns out that the testator's interest was a mortgage upon the same land, the law may pass his estate as mortgagee, such as it actually existed, with all his rights and interests in the debt, and in the land itself growing out of that relation to it." And see *Haug* v. *Schumacher,* 166 N. Y. 506, 514, 515.

Section 245 of the Real Property Law provides, "A * * * devise of real property passes all the estate or interest of the * * * testator unless the intent to pass a less estate or interest appears by the express terms of such * * * devise or by necessary implication therefrom." See *Estate of Lefebvre, supra.*

As was said by Chief Justice Marshall: "The intent of the testator is the cardinal rule in the construction of wills; and, if that intent can be clearly perceived, and is not contrary to some positive rule of law, it must prevail." *Finlay* v. *King,* 3 Pet. 346; *Matter of Pulis,* 220 N. Y. 196, 202.

In the case before us, the testator, after selling his farm on a contract, devised an equal undivided one-third part of all his real estate to his wife. He neither owned nor had any interest in any real property other than said farm. If the widow takes no interest in the amount owing on the contract, the gift to her was a burden and not a benefit. The deceased was a layman. and it would be very strange if he knew who held the legal and who held the equitable title to the land sold on the contract, or whether the interest of the vendor in the contract was personal property or the interest of the vendee was real property. It seems to me the only reasonable view is that the deceased understood that his interest in the farm was real property, and that his interest in the farm was measured by the

amount owing on the contract, and that by the second clause of his will it was his intention to give his wife a one-third interest in the farm and in the contract and place her in a position so that if default should be made in the contract and it should become void she would have a one-third interest in the farm, and if the contract should be paid that she would have a one-third interest in the money so paid; in other words, he intended to place her in the same position as to one-third interest in the farm and contract which he himself held.

It follows since the executor has collected the amount owing on the contract, conveyed the farm to the vendees and has the money in court, that the widow is now entitled to have paid to her one-third of the amount owing on the contract at testator's death (and there being no other assets) after deducting therefrom all debts and funeral expenses of the deceased and expenses of administration.

Certain personal property was sold by deceased with the farm and formed part of the consideration for the amount owing on the contract, and it is suggested that in determining the widow's interest the value of said personal property be first deducted from the amount owing on the contract. It appears by the contract that there was a present executed sale of said personal property and the farm was held as security for the purchase price of both the farm and said personal property; therefore no deduction should be made.

The widow has three claims against the estate which have been contested: (a) claim of fifty-six dollars and fifty-five cents for services performed by her for deceased before her marriage to him; (b) three hundred and forty-five dollars for rent of house; and (c) ninety-eight dollars and thirty-five cents for money paid for premiums on insurance on life of deceased.

Surrogate's Court, New York County, March, 1918. [Vol. 103.

I think the widow has established her entire claim for services, and the same is allowed at fifty-six dollars and fifty-five cents.

The evidence relating to the rent of the house is not very satisfactory, but on the whole case I have determined to allow this claim for rent at five dollars per month from December 15, 1910, until September 23, 1911, to the date of the marriage of claimant and deceased, amounting in all to forty-six dollars and twenty-five cents.

As to the claim for premiums paid by claimant on insurance on the life of deceased, there is no evidence as to the amount paid by claimant, and this claim is rejected.

Decreed accordingly.