(Decided 15th July, 1886.)

SAMUEL  WHITE,  Ex'r  of  ELIZABETH  KAUFFMAN, deceased, and others *vs.* JOHN C. KAUFFMAN and others.

*Construction  of  a  will—Legacies—Payment  of  Debts  and Legacies— When Legacies not a Charge on Real Estate.*

The personal estate is the natural and primary fund for the payment of debts and  legacies; and  even when  the real estate is expressly charged, no resort can  be made to it until the personalty is exhausted, unless it has been exonerated  by the terms of the will. If the testator gives a legacy the law conclusively presumes that it is to be  paid only out of the personalty, and  if that is insufficient the legacy is lost, unless a contrary intention is shown on the face of the will.    If he wishes it paid out of the realty, he must so state either by express words or by fair and reasonable implication.

A will contained the following clause: "I will, and direct my executor hereinafter named, to satisfy and  pay all my just debts and funeral expenses out of my estate.  *  *  *  *  I give and bequeath unto my nephew, J. C. K., the sum of $200, and I direct my executor hereinafter named, to pay the same to him as soon as convenient after my decease out of my estate.  *  *  * '*  I give, devise and bequeath all the rest, residue and  remainder of my estate, real, personal and mixed, whatsoever and  wheresoever at the time of my decease, unto my niece, M. J. W., to her own sole and sepa-

rate use, &c., &c.;" describing this last devise and bequest so as to exclude all right and interest in the same on the part of her present or any future husband. There were several other legacies which were given in words almost identical with those which were used in the case of J. C. K.'s legacy; it was stated that they were all to be paid by the executor out of the estate. The personal assets were not sufficient to pay the legacies in full. On a bill filed by the legatees to subject the devised real estate to the payment of the deficiency, it was HELD:

That the legacies were not a charge on the real estate.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, ROBINSON, and BRYAN, J.

*R. Fuller Shryock,* and *J. M. Carter,* for the appellants.

*Sidney C. Long,* and *A. F. Musselman,* for the appellees.

BRYAN, J., delivered the opinion of the Court.

The question in this case is whether certain legacies in the will of Elizabeth Kauffman, deceased, are charged upon her real estate. The clauses in the will, which it is important to notice are as follows: "I will and direct my executor hereinafter named to satisfy and pay all my just debts and funeral expenses out of my estate.   *   *   *
I give and bequeath unto my nephew, John C. Kauffman, the sum of two hundred dollars, and I direct my executor hereinafter named to pay the same to him as soon as convenient after my decease, out of my estate   *   *   *
I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal, and mixed whatsoever and wheresoever at the time of my decease, unto my niece, Margaret Jane White, to her own sole and

separate use," etc., etc.; describing this last devise and bequest so as to exclude all right and interest in the same on the part of her present or any future husband. Samuel White, the husband of the residuary devisee and legatee, was appointed executor by the will. There were several other legacies which were given in words almost identical with those which were used in the case of John C. Kauffman's legacy; it was stated that they were all to be paid by the executor out of the estate. The personal assets were not sufficient to pay the legacies in full; and a bill in equity was filed by the legatees to subject the devised real estate to the payment of the deficiency.

It will be observed that in directing the payment of her debts, the testatrix uses the same language as that which is applied to the payment of the legacies. She directs her executor to pay both debts and legacies out of her estate. This Court has given its approval to the authorities which hold that words which charge debts upon the realty, will have the same effect when applied to legacies. *Ogle vs. Taylor,* 49 *Md.,* 175. In considering the cases which have been decided in England and in the States of this country which have followed the English authorities, we must bear in mind an important difference between the law of this State and the common law on the subject of the payment of debts due by decedents. By the common law, the real estate of a deceased person was not liable for his simple contract debts; nor even for his specialty obligations, except where the heir was expressly bound. Hence, there was a natural and laudable desire on the part of the Judges to construe wills so as to bind the lands of the testator for the payment of his debts, wherever such construction could possibly be made. They were astute in giving a meaning to general and ambiguous expressions, in order to carry into effect the just and rational purpose of paying the debts of a decedent out of his property. But in Maryland such construction would

not be justifiable. The Act of 1785, chapter 72, makes the real estate of a deceased liable for the payment of all his debts on failure of the personalty; and it makes no difference whether he leaves a will or not, or what provisions it may contain. We have the authority of decided cases in this Court for holding that words in a will declaring that the testator's debts are to be paid before devises and bequests, must be regarded as immaterial and inoperative, and as not furnishing any evidence of an intention to charge the real estate; inasmuch as they simply provide what the law has determined shall be done, with or without such a clause in the will. *Cornish vs. Willson,* 6 *Gill,* 315; *Piper vs. Hamilton's Executors,* 26 *Md.,* 220. This statute may also sufficiently explain the reason why our law on the subject of charging legacies on real estate, does not adopt the decisions in England and some of the other States of the Union. It being held that the same words which would charge debts would also charge legacies, a radical difference in construction in one case would cause a corresponding difference in the other. It has been decided in New Jersey that where a legacy is directed to be paid "*out of the estate,*" it is charged on the realty. *Coxe vs. Corkendall,* 2 *Beasley's Chancery Reports,* 138. And it has been decided in England and elsewhere, that where a testator gives legacies, and then devises and bequeaths the *rest and residue of* his real and personal estate, the real estate is charged with the payment of them.

The personal estate is the natural and primary fund for the payment of debts and legacies; and even when the real estate is expressly charged, no resort can be made to it, until the personalty is exhausted, unless it has been enonerated by the terms of the will. If the testator gives a legacy, the law conclusively presumes that it is to be paid only out of the personalty, and if that is insufficient the legacy is lost; unless a contrary intention is

shown on the face of the will. If he wishes it to be paid out of the realty, he must so state either by express words or by fair and reasonable implication. When we look at the clauses of the will giving these legacies, we see that the executor is directed to pay them *out of the estate.* No portion of the real estate is devised to him, and consequently the only portion of the estate, over which he has any control is the personalty. It would not be reasonable to construe the will as requiring him to pay out of the realty, when the same will has placed it beyond his reach. It seems to us therefore clear, that if payment is to be made by the executor, it must be made out of the personalty. If we now turn our attention to the clause devising the real estate, we find that it is given to the devisee unconditionally; there is no direction or request or intimation that she shall pay the legacies. There is no reference whatever to them, except so far as it is made by the terms "rest, residue and remainder of the estate, real, personal and mixed." Giving to these words their natural interpretation, the residue of the personal and mixed estate would mean such portion of it as might remain after the debts and legacies were paid. The residue of the real estate would be a separate devise, altogether unconnected with the legacies. We do not see, therefore, how a natural construction of this clause should require us to hold that the devisee is charged with the payment of the legacies. In *Stevens vs. Gregg,* 10 *Gill and Johnson,* 143, this Court established the rule of construction which is binding on us. Certain legacies were alleged to be charged on land by virtue of the following clause in a will : " After my just debts and funeral charges are paid, to my grandsons Thomas Stephens and John Allen Stephens five hundred dollars each; to be paid unto them by my executor, when they shall respectively arrive at the age of twenty-one years, and no more of my estate ; the remainder of my estate, consisting of real and personal,

White, Ex'r, *et al. vs.* Kauffman, *et al.*

situated, &c., to my beloved son, Mordecai James Allen, and to his heirs and assigns forever." This Court adopting a decision of Chancellor KENT, 2 *Johnson's Chancery*, 638, held that the legacies were not charges on the land. It was said "in this case, it is, we think, very clear, that there is nothing in the language or disposition of the will, from which an inference can be drawn that the testator intended to charge the real estate in the hands of his devisee, with the payment of these legacies. They both appear to have been equally the objects of his bounty, and it does not appear to have been his intention to encumber his lands with the payment of them." Quoting from Chancellor KENT, where he was considering the effect of a clause disposing of all the rest, residue and remainder of real and personal estate not before devised and bequeathed, it was said: "The real estate is not as of course charged with the payment of legacies. It is never charged, unless the testator intended it should be, and that intention must be either expressly declared or fairly and satisfactorily inferred from the language and disposition of the will. This general rule does not seem to admit of dispute. If that residuary clause created such a charge, the charge would have existed in almost every case, for it is the usual clause, and a kind of *formula* in wills."

The Court below passed a decree that the real estate should be sold for the payment of the legacies. It will be seen that we take a different view of the case.

> *Decree reversed, and*
> *bill dismissed with costs*
> *in both Courts.*

(Decided 7th October, 1886.)