WILL OF CUPPEL: OTTOWAY, Appellant, vs. ROBERTS and another, Respondents.

*December 11, 1931—January 12, 1932.*

*John P. Retzer* of Milwaukee, for the appellant.

For the respondent Roberts there was a brief by *Ernst von Briesen,* attorney, and *H. F. Lichtsinn* of counsel, both of Milwaukee, and oral argument by *Mr. Lichtsinn.*

*Howard T. Foulkes* of Milwaukee, for respondent Forest Home Cemetery.

FOWLER, J. Paragraphs third to seventh, inclusive, and paragraph thirteenth of the will of Agnes J. Cuppel,

deceased, bequeathed legacies of money in specific amounts to each of five specifically designated beneficiaries of whom appellant is one, aggregating $17,000. Paragraph eighth created a trust fund of $5,000 for the benefit of Charles M. Cuppel, with provision that if the beneficiary should die before reaching sixty-five years of age the fund should revert back to the estate and "be apportioned" to those of the beneficiaries who were designated "to receive a monetary bequest" in such percentage as their respective shares bore to the aggregate amount bequeathed to them; paragraph ninth directed payment of $1,000 "to Forest Home Cemetery to be used for the care and perpetuation" of the burial lot of the testatrix; paragraphs tenth and eleventh bequeathed to specified legatees specific items of jewelry; paragraph twelfth bequeathed to a specified legatee the rest of the jewelry of the testatrix; paragraph fourteenth devised and bequeathed to the respondent Roberts the residue of the estate. The residue assigned to Roberts by the order of distribution consisted of both real and personal property, the latter of aggregate inventory value of $29,859 and including mortgages, stocks, and bonds. The respondent Roberts was made trustee of the fund for the benefit of Charles M. Cuppel, who died before reaching the age of sixty-five years. The trustee petitioned for construction of the will to determine among whom the fund should be distributed, claiming right to participate therein by reason of the residuary bequest to him. The county court ruled that both he and the cemetery association should share in the distribution. From the order so providing, Mrs. Ottoway, to whom $3,000 was bequeathed by paragraph seventh of the will, appeals.

A will must be construed according to the intent of the testator. The intent must be drawn from the will itself, unless the will is ambiguous and circumstances aid in interpretation, when they may be shown and considered. Words

must be construed according to their ordinary meaning, unless something in the will indicates that they are used in a more comprehensive. or some peculiar sense. These rules are so elementary as not to need citation of authorities in their support. If this will were ambiguous, no circumstances were shown, presumably because there were none, that could aid construction. So nothing but the will itself may be considered in construing it. The ordinary meaning of the words "monetary bequest" is bequest of money. This is so plain as not to require citation of authorities, either legal or dictionary, to support it. We are of opinion that by providing that the fund should be "apportioned to those of my devisees who herein are designated to receive a monetary bequest," the testatrix intended to designate those natural persons who received specific bequests of money, and that this excludes both the residuary legatee and the cemetery association. The direction to pay to the cemetery association is not in the nature of a bequest, but like a direction to pay a specific amount for a monument, or a direction that a specific sum be paid for a service to be rendered.

*By the Court.*—The order of the county court is reversed, with directions to distribute the fund in accordance with this opinion.