574

WILL OF WEED: VAN EVERY and others, Appellants, vs. WEED, Executor, and others, Respondents.

*December 5, 1933—January 9, 1934.*

For the appellants Stella Van Every and others there were briefs signed by *Thompsons, Gruenewald & Frye* of Oshkosh; for Robert Downes, Jr., by *J. C. Thompson* of Oshkosh, guardian *ad litem;* and for Sarah D. Sabin and others by *W. C. Bouck* of Oshkosh, guardian *ad litem;* and the cause was argued orally by *Miriam L. Frye* of Oshkosh.

*R. A. Hollister* of Oshkosh, attorney for H. I. Weed, executor.

For the respondents there was a brief by *Williams & Williams,* attorneys for Gertrude Davis and Lillian Davis, and by *George E. Williams,* guardian *ad litem* for Wesley Billitti, all of Oshkosh, and oral argument by *Chas. H. Williams.*

A brief was filed by *Hay & Eger* of Los Angeles, California, for the respondents Gertrude Davis Billitti and Lillian Davis.

FAIRCHILD, J. The court below held that the will created a specific legacy in favor of respondents. It has happened that an estate of about $120,000 has shrunk some thirty or forty per cent., making it impossible to satisfy bequests in full, so that we are concerned with the question as to whether the legacy created by the first paragraph of the will is preferred over other legacies, or whether it is one of several general legacies and abates with them *pro rata.* Rules of construction of wills applicable in this case are: (1) The words of the will are to be construed to give effect to the intention of the testatrix. *Will of Fouks,* 206 Wis. 69, 238 N. W. 869; *Will of Cuppel,* 206 Wis. 586, 240 N. W. 144. (2) The intent must be drawn from the will. (3) When the language of the testatrix is plain and unambiguous, that language controls and there is no room for judicial construction.

Reading the whole will, we find the testatrix disposed of most of her estate by general bequests. She apportioned it among those whom she elected to favor on a general basis without indicating preferences in any instance except where she bequeathed certain stock or articles of jewelry or particular personal belongings. In an inquiry such as this, the object is to ascertain the wish and intention of the testatrix. Where a preference is claimed, the burden lies on the party seeking the preference to establish that such preference was intended. *Appeal of Trustees,* 97 Pa. St. 187, 200; *Brown v. Brown,* 1 Keen, 275; *Richardson v. Hall,* 127 Mass. 64; 2 Page, Wills (2d ed.) p. 2181, § 1310. Respondents seek to support the ruling of the court below in their favor, claiming that the purposes and objects of the testatrix in framing paragraph one of the will were to provide support and maintenance for an heir at law and that this establishes a preference when coupled with a showing as to the interest of the testatrix in the *cestuis que trustent* including her grandnephew. But legacies which are mere bounties are not exempt from abatement, and even though this legacy was given by reason of a sense of moral obligation, the testatrix was under no legal obligation to create this trust and it would not, simply on that account, therefore, be entitled to priority of payment. The testatrix was dividing up her estate and she apportioned parts to several other legatees and a part to respondents to be used by them. If the use were of such a nature as to make the bequest specific, their claim would be based on some reasonable ground, but where it is general as here, the most that can be claimed is that, in common with others whom the testatrix was considering as objects of her bounty, there was apportioned to them a moiety of the estate. The use of an amount was given the *cestuis que trustent.* In the division of the estate there was allotted to this use $25,000. The desire of the testatrix expressed by the will appears to be to set aside a share in

the estate, the income of which shall be used for the purpose assigned and the principal to be taken out of the general assets. A general legacy is one which may be satisfied out of the testatrix's estate generally by delivering any part of the estate which corresponds with it in value and which is not charged upon any specific property. The characteristic of a general legacy is that it does not attempt to dispose of any specific article or to charge the gift upon any specific article. It is any pecuniary legacy of a fixed amount of money, which by the terms of the will is payable from the testator's estate. 2 Page, Wills (2d ed.) p. 2037, § 1226. The form in which this gift to the *cestuis que trustent* passes from the testatrix's estate controls as to its character being general or specific over the form in which it is to be delivered to the beneficiaries. If a testatrix provides that a certain sum of money which is payable out of her estate generally shall be used to create income for a designated beneficiary, "such a legacy is general and not specific; since the fund . . . is to come from the testator's estate generally." 2 Page, Wills (2d ed.) p. 2040, § 1226.

The testatrix's estate becoming inadequate to meet the calls of the bequests in the will, and no provision having been made by the testatrix as to where the burden of the deficiency should lie, the loss must be borne by those who share in the estate under the general legacies. Gardner, Wills, p. 560, §151. And in this case we are compelled to hold that the testatrix disposed of her estate in such a way as to show her intention to have the respondents bear their *pro rata* share of the diminished value of the estate by visiting the loss proportionately on the general legacies. The argument of respondents based on the use of certain terms in that provision of the will under which the corpus reverts to the estate and on their contention that this could have no purpose other than to provide, in case of deficiency in assets, for remaining legacies, is not well grounded. The court is

not concerned with whether the will is as fair as it might have been made. Our concern is to have the intention of the testatrix effective.

The case of *Brown v. Brown, supra,* is relied upon, but in that case provisions appeared in the will which directed that the two trust estates should fall into and become a part of the personal estate and applicable to the trusts or payment of the several legacies given by the will. In holding that the former were entitled to a preference the court said :

"If the testator had contemplated that all his legacies would be at once satisfied, it would have been unnecessary to direct that the two legacies in question should be applicable, after the decease of the legatees, to the payment of the legacies given by his will. . . . There is no way, therefore, in which effect can be given to the words used by the testator but by giving a priority to these two legacies."

In that case the intention of the testator to preserve the bequests and to create a priority as to such legacies was thus indicated. In cases such as *Matter of Title G. & T. Co.* 195 N. Y. 339, 88 N. E. 375, where bequests in the nature of trust estates have been held not to abate, there has been some expression by the testator to indicate an expectation on his part of a possible insufficiency of his estate to meet all demands and a desire that in such an event a preference should be given to the bequests in trust. In the case before us there are no words that can be seized upon as indicating an apprehension of that sort. The language of the will and the codicil carry the idea of an estate more than ample to pay legacies and give no indication of any desire to create a specific bequest.

It would not be sufficient to establish a preference to use words that would leave the question in doubt; to establish a preference the words must be clear enough in their meaning to show that it was the intention of the testatrix that the legacy should not stand on an equal footing with the others.

After reviewing many cases, Roper in his treatise on Legacies states the rule as follows:

"The cases which have been cited show that when the bequest is made in the form of a general legacy and is pure bounty, and there are no expressions in, or inference to be drawn from, the will, manifesting an intent to give it priority, the objects or purposes to which the legacy is to be applied will not exempt it from abatement; for a court of equity will not speculate upon what a testator *might* mean, as to preferring a legacy on account of the object or purpose to which it is given, when in form it is merely general; since if the court were to do so, it might not only be making a new will for the testator, but be opening widely its doors to litigants, and the line could not easily be drawn at which the court might say, 'hitherto and no farther shall the rule of abatement be broken in upon.' It may therefore be concluded that general and voluntary bequests for the maintenance, or for the advancement in the world of the legatees, or for any other purposes of bounty, must abate with other general legacies." 1 Roper, Legacies, p. *421.

The testatrix, with her $120,000 estate before her, proceeded to parcel it out in a manner which permits of no other inference than that the bequest to respondents is a "general bequest."

The arrangement for the distribution of testatrix's estate made by her does not indicate a peculiar preference for respondents nor does it show a desire on her part to provide any particular income or any particular amount for any particular purpose, other than to remember the beneficiaries and to make available for their use a portion of the estate which she was distributing. While one of the *cestuis que trustent* was a niece and the heir, there had been no state of dependence of the niece upon the testatrix existing which can in any way be said to suggest any preference in favor of this bequest, even though a rule did exist favoring bequests for support and maintenance. The language of the will in the parts with which we are here concerned is free from

ambiguity, the bequest is one of several that are general, and under the rule that "equality is equity," the loss due to the deficiency in the estate must be borne *pro rata* by those who share under the general bequests.

*By the Court.*—Order and judgment reversed. Cause remanded for further proceedings in accordance with this opinion.