WILL OF LOEWENBACH : PETERSEN and another, Appellants, vs. ESTATE OF LOEWENBACH and others, Respondents.

*September 15—October 13, 1936.*

468

*Richard R. Davis* of Milwaukee, guardian *ad litem* of Otis Petersen, for the appellants.

*William A. Hyde* of Milwaukee, for the respondent Minnie Loewenbach.

For the respondent administratrix there was a brief by *A. B. Weller* of Milwaukee.

For the "respondent" Emogene Loewenbach, general guardian of Otis Petersen, there was a brief by *McGovern, Curtis & Devos* of Milwaukee, and oral argument by *Francis E. McGovern.*

WICKHEM, J.    Testator died in the city of Milwaukee on October 23, 1934, leaving a last will bearing date May 8, 1934.    The widow, Minnie Loewenbach, was his sole heir at law.    The inventory filed in the estate discloses real and personal property of a total appraised value of $30,190.81, exclusive of jointly owned property, appraised at $8,200.    The details of the inventory are not considered to be sufficiently important to set forth.    It is enough to say that the record discloses a strong probability that the estate will be insuffi-

cient to pay out all of the bequests and a possibility that specific legacies in the will may have to be abated in order to meet debts and expenses of administration. This is important principally in connection with the question raised upon this appeal whether the legacy to the widow in paragraph fourth of the will is specific, general, or demonstrative in character.

The first and principal question relates to the proper construction of paragraph ninth in its relation to paragraphs fourth and sixth. An examination of paragraph ninth indicates that the will was inartificially drawn. The charge imposed by this paragraph is upon bequests "herein given to my wife in trust under paragraphs 4 and 6," whereas in fact there was no bequest in trust to his wife by the terms of paragraph fourth.

It is contended by the guardian *ad litem* that an examination of the entire will indicates that paragraph ninth should be construed as though it read, "The bequests herein given to my wife in paragraphs 4 and 6 are subject to the following provision," whereas the trial court construed the clause as though it read, "The bequest herein given to my wife in trust under paragraph 6 is subject to the following provision."

The guardian also discusses a third possible construction, which under the facts of this case arrives at the same general result as the construction adopted by the court. This construction would make the clause read, "The bequests herein given in trust under paragraphs 4 and 6 are subject to the following provision." Since this construction would only be of importance in case the widow predeceased testator, which is not the fact, we do not deem it necessary to give extended consideration to it.

Numerous rules of construction are set forth and discussed in the briefs. It is clear that all rules of construction yield to "the cardinal rule that the words of a will are to be construed so as to give effect to the intention of the testator, which intention is to be ascertained from the language of the

will itself, in the light of the circumstances surrounding the testator at the time of its execution." *Will of Fouks,* 206 Wis. 69, 238 N. W. 869; *Will of Cuppel,* 206 Wis. 586, 240 N. W. 144; *Will of Weed,* 213 Wis. 574, 252 N. W. 294.

The starting point in our consideration of the testator's intention is paragraph fourth. In this paragraph we discover no bequest in trust to the wife. Thus, if paragraph ninth is to be given a literal meaning, there is no bequest in paragraph fourth to which it can apply. Did the mistake of the testator consist of an erroneous use of the word "trust" in paragraph ninth or an inadvertent subjection of the bequest in the fourth paragraph to the terms of the ninth? In ascertaining which of the words in the ninth paragraph are to be rejected in order to carry out the real intention of the testator, we consider determinative that portion of paragraph fourth, which reads as follows:

"I wish to make it clear that any trusts or devises contained in this paragraph of my will are absolutely contingent upon my beloved wife predeceasing me, and that in case she survive me, the said sum of five thousand ($5,000) dollars be bequeathed to her and her heirs forever, free from any trusts or remainders."

This we deem to be a clear manifestation of an intent that the sum of $5,000 out of the proceeds of the insurance policies is bequeathed to the widow absolutely.

It is claimed by the guardian *ad litem* that the phrase "free from any trusts or remainders" would not literally preclude a charge by a later paragraph upon the subject of the bequest, but we think this contention is without merit. The fourth paragraph is a bequest of a sum of money, and in the event of his wife's surviving him, it is to be paid "to her and her heirs forever, free from any trusts or remainders." It would be very difficult, considering the subject matter of this bequest, to suppose that the testator intended to charge this sum with a series of monthly payments in behalf of the minor.

We agree with the trial court that it was the testator's intention, if his wife survived him, that she should have this sum as her absolute property. In view of this, it is evident that the mistake in paragraph ninth was in the designation of the bequests to which it was applicable. We discover in paragraph sixth a bequest to his wife in trust. Paragraph ninth can apply to the bequest in paragraph sixth and evidently was intended to do so. It does not apply literally to that in paragraph fourth and cannot be made to do so except by disregarding the intention of testator as clearly manifested in that paragraph. The conclusion of the trial court that the error in paragraph ninth was the reference to paragraph fourth conforms paragraph ninth to the intention of the testator as clearly evidenced by the will as a whole. It gives effect to the words "to my wife in trust" and applies paragraph ninth to the only preceding paragraph of the will to which it can have any literal application. This construction also accords with the general rule as stated in *Will of Richter,* 215 Wis. 108, 254 N. W. 103, where it was said:

"Provisions in a will are not to be so construed as to cut down a gift made in positive and clear terms in a prior provision unless this is done by the use of words definite in meaning and in positive terms expressive of such an intent."

In the course of the judgment construing the will, the bequest in paragraph fourth is held by the court to create a specific legacy. This is assigned as error by the general guardian who asserts that it is not the bequest of an insurance policy or of the entire proceeds of an insurance policy, and that hence it does not come within the definition of a specific bequest. It is our conclusion that the bequest created a demonstrative legacy. Such a legacy is thus defined by the Alabama court in *Kelly v. Richardson,* 100 Ala. 584, 13 So. 785:

"A demonstrative legacy is a bequest of money or other fungible goods, charged upon a particular fund in such way as not to amount to a gift of the corpus of the fund, or to

evince an intention to relieve the general estate from liability in case the fund fail, and so described as to be undistinguishable from other things of the same kind."

To the same effect, see also *Wheeler v. Hartshorn,* 40 Wis. 83, at page 102. For substantially similar definitions and for citations of authority upon the difference between specific, general, and demonstrative legacies, see note 11 L. R. A. (N. S.) 49.

A demonstrative legacy has some of the characteristics of a general legacy and some which are generally associated with specific legacies. Like the general legacy, it is not subject to ademption. *Balliet's Appeal,* 14 Pa. 451; *Tipton v. Tipton,* 1 Cold. (Tenn.) 252; *Walton v. Walton,* 7 Johns. Ch. (N. Y.) 258, 11 Am. Dec. 456; *Kunkel v. Macgill,* 56 Md. 120. If the fund out of which the demonstrative legacy is directed to be paid fails, it is in all respects a general legacy, constitutes a claim on the general assets of the estate, and is subject to abatement with the general legacies. *Baptist Female University v. Borden,* 132 N. C. 476, 44 S. E. 47, 1007. On the other hand, as stated in *O'Day v. O'Day,* 193 Mo. 62, 91 S. W. 921, 4 L. R. A. (N. S.) 922, if the fund out of which the demonstrative legacy is to be paid is sufficient to satisfy it, it stands upon the same footing as a specific legacy and is abated as a specific legacy in case there is a deficiency of the assets to pay debts or to carry out the provisions of the will. For other authorities on this point, see case note to *O'Day v. O'Day, supra,* 4 L. R. A. (N. S.) 922.

It appearing in this case that the fund out of which this legacy is payable is in existence and sufficient to meet the legacy, it must be held that the legacy abates as a specific and not as a general legacy. While the judgment denominates this a specific and not a demonstrative legacy, no prejudice to the minor resulted.

*By the Court.*—Judgment affirmed.