Estate of Koebel: Tufto, Administrator, Appellant, vs.
Koebel, Respondent.

*May 26—June 21, 1937.*

For the appellant there were briefs by *Roy G. Tulane* of Madison and *Clyde L. Todd* of Chicago, Illinois, attorneys, and *Olin & Butler* of Madison of counsel, and oral argument by *Mr. Todd* and *Mr. Tulane*.

For the respondent there was a brief by *Charles E. Wilson* of Elkhorn, attorney, and *Morton John Barnard* of Chicago, Illinois, of counsel, and oral argument by *Mr. Wilson*.

FRITZ, J.   The order under review was entered on the ground that the debts, for the payment of which the administrator *de bonis non* petitioned on June 2, 1936, under sec. 316.01 (2), Stats., for authority to sell real estate of which Martin C. Koebel died seized, had ceased to be valid claims against such real estate upon the expiration of three years from his death on August 26, 1930.   On October 14, 1930, his will was probated in Illinois, where he resided, and his widow was appointed and qualified as executrix.   On August 9, 1934, she was removed as executrix because of maladministration, and an administrator *de bonis non* was appointed.   There are unpaid and unsecured claims for $6,107.62 against Koebel's estate, and the value of the personal property available for their payment is but $2,500.

Sec. 316.01 (2), Stats., provides (so far as here applicable) :

"No debt of or claim against any deceased person, which was not a lien upon the real estate of such decedent before his death, shall be a lien upon or a valid claim against any such real estate in this state for the payment of which such real estate can be sold by an executor or administrator after three years from the death of such decedent, or when such debt or claim shall become due and payable subsequent to the

death of said decedent, then such debt or claim shall cease to · be a lien on such real estate after three years from the time it shall become due and payable excepting in the following cases:

"(a) When such claim is . . . charged upon such real estate by some provision in a will."

In view of that par. (a) the principal question on this appeal is whether the debts in question are charged upon Koebel's real estate, under some provision in his will, so as to bring them within the exception of that paragraph. The appellant contends that the claims are so charged upon the real estate because of the following provisions in Koebel's will:

"First: It is my request, and I so direct, that my executrix hereinafter named, pay all my just debts and funeral expenses as soon after my decease as conveniently may be. . . .

"Third: I give, devise and bequeath to my beloved wife, Adelia I. Koebel, all of my estate, real, personal and mixed to have and to hold to herself and her heirs forever."

As is stated in Thompson on Wills (2d ed.), p. 593, § 504:

"In order to charge real estate specifically devised with the payments of debts and legacies, the will must contain an express provision to that effect, or the charge must be clearly and unmistakably implied from the whole will, read in the light of all the surrounding circumstances."

*Matter of City of Rochester,* 110 N. Y. 159, 17 N. E. 740; *Brill v. Wright,* 112 N. Y. 129, 133, 19 N. E. 628; *Cunningham v. Parker,* 146 N. Y. 29, 40 N. E. 635, 48 Am. St. Rep. 765; *White v. Kauffman,* 66 Md. 89, 5 Atl. 865; *Harmon v. Smith* (C. C.), 38 Fed. 482. As there is nothing in the above-quoted provisions of the will which expressly charges the real estate with the payment of Koebel's debts, there remains but the question whether such charge can be clearly and unmistakably implied from the entire will construed in the light of all the surrounding circumstances. The principles

applicable to the determination of that question are stated and illustrated in Thompson on Wills, *supra,* as follows:

"Thus a charge may be expressly created by the use of the word 'charge,' or by a devise to A 'on condition that' he pay a certain debt or legacy.

"Also, an intention to charge the real estate devised may be implied from the fact that, in the same clause with a devise of the land, there is a direction to the devisee to pay a debt or legacy. But the use of the general words directing the payment of the debts does not usually have the effect of charging the debts on land specifically devised, such words being found in most wills, and being merely a direction for the doing of what the law compels."

Those principles were recognized and applied in *Pym v. Pym,* 118 Wis. 662, 668, 96 N. W. 429; *Egan v. Sells,* 203 Wis. 119, 120, 121, 233 N. W. 569; and *Will of Kendrick,* 210 Wis. 218, 220, 246 N. W. 306. However, the testamentary provisions involved in those cases differed materially in their meaning and effect from the provisions in Koebel's will in that in the *Pym Case* the devise was expressly made "subject to the payment of debts, funeral expenses, and bequests;" in the *Egan Case* the provisions were, "First, to my daughter Isabelle the sum of $500. . . . Second. All the rest, remainder of my property real and personal to my son Guy Siegel . . . ;" and in *Kendrick's* will the provision was, "I give and bequeath to my husband, Ercell G. Kendrick, the sum of five thousand ($5,000) dollars. The balance of my estate of every kind and nature, I give, devise, and bequeath to the executor and trustee. . . ." In Koebel's will there is no provision which, by similar terms, subjects, or conditions the devise of his real estate to the payment of his debts, or which limits that devise to such real estate as remains after paying them. The direction in the "First" paragraph of his will is merely that his executrix "pay all my just debts and funeral expenses as soon after my decease as conveniently may be."

That is but declaratory of the rules of law which are applicable generally to the use of a deceased's property for the payment of his debts. It added nothing, and its omission would not have detracted in any way from the effect of those rules in so far as they related to the use of the property for that purpose. *Matter of City of Rochester, supra; Brill v. Wright, supra; White v. Kauffman, supra.* As Koebel did not thereby subject any particular part of his property to the making of such payment, it cannot be assumed that his real estate was to be used therefor, in the absence of proof of surrounding circumstances which admit of inferences to that effect. Neither can that be assumed because of the inadequacy of his personal property, upon his death, to pay his debts, in the absence of proof that he had reason to believe that it was inadequate for that purpose when he made his will. *Brill v. White, supra; Cunningham v. Parker, supra.*

Likewise, no intention to so charge his real estate can be "clearly and unmistakably implied," because of the devise, in the "Third" paragraph of his will, of all of his real and personal property to his wife. That devise is not stated to be "on condition" or "subject to" the payment of his debts, nor is it a devise of merely the remainder, residue, or balance of his property, or a distribution thereof "after" the payment of his debts, under some provision similar to those considered in such cases as *Pym v. Pym, supra; Egan v. Sells, supra; Will of Kendrick, supra; Bergman v. Bogda,* 46 Ill. App. 351. In view of the rules that generally the personal property of a deceased constitutes the fund which is primarily applicable to the payment of his debts, and that courts should be slow to construe an intention to charge the payment of debts upon a devise of real estate from the mere use of formal or commonly employed words or phrases in a will, and in view of the facts that in Koebel's will there is no designation that any particular property or class thereof is to be used to pay

the debts, and that there is no such blending of the real and personal property as to indicate that he intended that all of his property was to be considered as but personal property, it cannot be inferred from the provisions in the will that he intended to charge his real estate with the payment of his debts.

In appellant's reply to the widow's answer to his petition, and also on this appeal, he further contends that because of her delay and maladministration while acting as executrix she is estopped in equity to take advantage thereof by asserting the bar afforded by the three-year period of limitation prescribed in sec. 316.01 (2), Stats. Under the provisions in that section that no debt due and payable at the time of the death of a deceased, and which was not a lien upon his real estate, "shall be a lien upon or a valid claim against any such real estate in this state for the payment of which such real estate can be sold . . . after three years from the death of such decedent," all of Koebel's debts, which were not liens upon his real estate at the time of his death, ceased to be valid claims against his real estate in this state by reason of the mere lapse of that three-year period of limitation. The application of that bar upon the expiration of that period of three years was not dependent upon any act or omission to act on the part of his widow in her capacity of executrix, devisee, or otherwise. Regardless of what she did or omitted to do in any capacity, Koebel's creditors could have proceeded at any time after his death to have his estate administered in this state and his Wisconsin real estate used for the payment of their claims. As the trial court said, "Ample provision has been made in our statutes for proper proceedings by which a foreign will may be made effective as to lands owned by the decedent in this state and the door was open to these creditors to file petition for probate of such foreign will within this state during the entire period. Secs. 310.07 and

310.08, W. R. S.; *Wells, Fargo & Co. v. Walsh,* 87 Wis. 67. The fact that there were questions of maladministration in the domiciliary jurisdiction was in itself sufficient to have placed them upon their guard and proceedings here should have been instituted on their behalf without delay." Furthermore, as it does not appear that the creditors' failure to proceed in this state was induced by any fraud or concealment on the part of Koebel's widow, she is not debarred, under the facts and circumstances herein, by equitable estoppel from setting up and having the benefit of that three-year statute of limitations. *Pietsch v. Milbrath,* 123 Wis. 647, 663–670, 101 N. W. 388, 102 N. W. 342, 68 L. R. A. 945, 107 Am. St. Rep. 1017; *State v. Chicago & N. W. R. Co.* 132 Wis. 345, 360, 112 N. W. 515; *Williams v. J. L. Gates Land Co.* 146 Wis. 55, 60, 130 N. W. 880; *Ott v. Hood,* 152 Wis. 97, 139 N. W. 762; *Gauthier v. Atchison, T. & S. F. R. Co.* 176 Wis. 245, 249, 186 N. W. 619; *Blake v. Miller,* 178 Wis. 228, 235, 189 N. W. 472. By reason of that statute, and the expiration of that three-year period of limitation, creditors' rights to have the real estate subjected to the payment of their claims became extinguished, and title to the real estate in question vested in the devisee, free from all claims against the deceased which were not liens thereon prior to his death. *Eingartner v. Illinois Steel Co.* 103 Wis. 373, 79 N. W. 433; *Whereatt v. Worth,* 108 Wis. 291, 84 N. W. 441.

*By the Court.*—Order affirmed.