ESTATE OF ESCH : RIESEN, Appellant, vs. HETZEL, Executrix, and others, Respondents.

*June 3—June 26, 1958.*

For the appellant there were briefs by *McDonald & Purcell* of Madison, and oral argument by *James B. McDonald* and *Pierce T. Purcell.*

For the respondents there was a brief by *Schloemer, Stoltz & Merriam* of West Bend, for Edwin Hetzel, and Eleanor Hetzel individually, and by *Simester & Schowalter* of West Bend, for Eleanor Hetzel as executrix, and oral argument by *C. J. Schloemer.*

WINGERT, J.   The controversy centers on the effect to be given to the provision in the last part of paragraph Third of the will that "This devise is also subject to the payment of provisions I have made in paragraphs First and Second of this my last will and testament." The only question we find it necessary to decide is whether the quoted provision operates to require the debts, expenses, and bequests to be paid in the first instance out of the farm or by the devisees thereof, and thus to exonerate the personal estate from primary liability for such payment; or whether, on the other hand, it merely authorizes recourse to the real estate in case of insufficiency of the personal property.

We may assume for present purposes that the words "This devise is also subject to the payment," etc., are effective to

charge the real estate with the payment of debts, expenses, and legacies. It does not follow, however, that the decedent's personal estate is to be exonerated from those liabilities.

Normally, of course, in the absence of some indication of a contrary intent in the will, the debts, expenses, and general or cash legacies are payable primarily out of the personal estate, and real estate specifically devised may not be resorted to even for debts and expenses unless the personal estate is insufficient. See secs. 313.15 (5), 313.26, 313.28, 316.26, Stats.

Even where the will charges specifically devised real estate with the payment of legacies and debts, the general rules applicable are stated by a leading authority as follows:

"In the absence of other provisions of the will, which show that testator intends to exonerate the personalty from liability for legacies, either absolutely, or until after the proceeds of the realty have been applied to this purpose, the proceeds of the personalty must be applied before the proceeds of the realty upon which the legacies are charged. The land is merely given in aid of the personalty." 4 Page, Wills (lifetime ed.), p. 258, sec. 1461.

"A charge of debts upon realty does not, of itself, exonerate the personalty, but merely provides for an additional fund for paying testator's debts. This rule of construction . . . persists, although the change in the law has made the realty liable for the debts, after the personalty is exhausted, without any charge thereon by will." 4 Page, Wills (lifetime ed.), p. 293, sec. 1484. See also 57 Am. Jur., Wills, p. 993, sec. 1473; Anno. 2 A. L. R. (2d) 1310.

While no decision of this court expressly applying those rules has been cited, or found by us, the rule applicable to legacies appears to have legislative recognition. Thus sec. 316.26, Stats., provides that—

"When any legacy is a charge upon the real estate and the personal property shall be insufficient to pay such legacy, and the debts, and charges of administration, a sale, mortgage, or lease of real estate for that purpose may be made in

the same manner and upon the same terms and conditions as are prescribed for the payment of debts."

Thus presumptively the real estate is not to be sold or mortgaged to pay a legacy merely because the legacy is a charge upon the real estate, unless the personal property is insufficient to pay it.

We hold, in short, that the general rules or presumptions as above quoted from Professor Page apply in this state. We are therefore brought to consider whether the instant will discloses an intention that they shall not apply in the particular case. In other words, does the will affirmatively disclose a purpose on the part of the testatrix to require the burden of the debts, expenses, and legacies to be borne by the devisees of the real estate, for the benefit of the residuary legatee?

We think not. We find nothing in the will which, read in the light of the will as a whole, indicates any such purpose clearly enough to override the presumption that an express charge of debts and legacies on specifically devised real estate does not exonerate the personalty from primary liability for those charges.

We are not persuaded by the argument that the charge on the real estate is ineffectual and superfluous unless it be construed to relieve the personal property. While it is true that even in the absence of an express charge on real estate the debts and expenses could be satisfied out of the real estate if the personal property should be insufficient, the same is not the case as to the cash legacies; and to the extent that personal property is insufficient to pay such legacies, they might fail by abatement were they not affirmatively charged on the real estate. 4 Page, Wills (lifetime ed.), p. 348, sec. 1508; *Will of Smith*, 235 Wis. 66, 76, 292 N. W. 443. Even as to debts a charge on real estate may make a material difference, as exemplified by sec. 316.01 (2) (a), Stats.

If the will be considered ambiguous in the respect under consideration, so that recourse may properly be had to the extrinsic evidence of the actual intent of the testatrix that was received at the trial subject to objection, our conclusion is thereby fortified. The lawyer who drew the will testified that testatrix instructed him that if there was insufficient personal property available she wanted to be sure her debts and expenses of last illness and the legacies were paid "and if there wasn't enough there to do that out of her estate, then the Hetzels were to provide it." The items in question "were to be specifically taken out of the personal estate as set forth in the will." A note made by the scrivener immediately after the interview with the testatrix was as follows: "If not enough, then to be taken out of farm."

Much attention was given by counsel to the question whether the charge of debts, expenses, and legacies on the farm was intended to apply to the farm in the hands of the Hetzels, or on the contrary was limited to the contingency, which can no longer arise, of failure of the devise to the Hetzels and consequent passing of the farm to someone else who would furnish care to the testatrix. The question is probably academic, since it is recited in the order appealed from that there appears to be adequate personal estate to pay the charged items. Should it be otherwise, we think the charge applies to the farm in the hands of the Hetzels, and that the order properly provides that if the personal estate shall not be sufficient, the farm will become subject to the payment of the balance remaining after exhaustion of the personal property.

While the order appealed from refers only to "specific bequests," it is clear from the accompanying decision and findings that the court used that term as including the $4,500 of cash bequests, although in strict terminology they are

general rather than specific bequests. *Will of Weed,* 213 Wis. 574, 578, 252 N. W. 294. As so construed we affirm it.

*By the Court.*—Order affirmed.