ESTATE OF PFAFF: STUHT and others, Administratrices w. w. a., Appellants, v. MOUNT SINAI HOSPITAL and another, Respondents.

*No. 57. Argued December 2, 1968.—Decided December 20, 1968.*
(Also reported in 163 N. W. 2d 140.)

For the appellants there was a brief and oral argument by *E. J. Mueller* of Milwaukee.

For the respondents there was oral argument by *James S. Levin* and *Arthur L. Ebert, Jr.*, both of Milwaukee.

HALLOWS, C. J. The claimants have moved for a dismissal of this appeal on the ground a dismissal of a former appeal was res judicata. We think not. The former appeal was from the decision of the trial court and therefore premature. The dismissal did not reach or decide the merits now presented.

The appellants have moved for a reversal under sec. (Rule) 251.57, Stats., because the claimants have not filed a brief. This failure was due to the ambiguity of our previous order and the claimants should not be penalized. Consequently, we reach the merits of this appeal and believe the trial court was correct in its ruling.

There can be little question that a married woman can dispose of her separate property by conveyance or will. This right was granted to married women many years ago by statute, now numbered sec. 246.03, Stats. By her will, the decedent provided:

"Second: I direct that my just debts of whatever nature or kind the same may be, expenses of my last sickness, funeral expenses and costs of administration, be paid out of my estate, and give my executrix full power and authority to settle and compromise any and all claims for or against my estate."

The appellants regard this language as merely formal language or "boiler plate" which can be disregarded by the court as adding nothing legally to the will. We disagree. No doubt some language in wills for the payment of debts and claims adds nothing of substance to what would have happened under the law if no such declaration was made in the will. However, such a will is still the expression of the intent of the testator and must be followed although it may not change what the law pro-

vides in the absence of a will. If this were not so, a will would be ineffectual which provided for a distribution exactly in the manner prescribed for the devolution of property of an intestate. In such a case the property passes by virtue of the will, not by the intestacy laws, although the result may be the same.

The three cases relied upon by the appellants for their position that this direction of the will may be disregarded do not support their position. In these cases the issue was not whether the direction charged the estate generally with the payment of the claims but whether the language of the will was sufficient either to exonerate or to charge real estate devised by the will in respect to the debts. In *Estate of Budd* (1960), 11 Wis. 2d 248, 105 N. W. 2d 358, this court considered the following language: "I direct the payment of all proper claims against my estate, funeral expenses and expenses of the administration of my estate as provided by law." This court held this language was a general direction and was not sufficiently specific to exonerate devised real estate from an outstanding mortgage. Certainly, the phrase "as provided by law" limited the direction to claims otherwise valid and recognized in probate proceedings and did not express an intention to exonerate. The real estate was, however, exonerated under common-law rules because the will expressed no contrary intent.

In *Estate of Koebel* (1937), 225 Wis. 342, 274 N. W. 262, the issue presented was whether the provisions of the will were sufficient to charge debts against devised real estate. The provisions of the will directed, "pay all my just debts and funeral expenses as soon after my decease as conveniently may be." The court held this was declaratory of the rules of law which were applicable generally to the use of a deceased's property for the payment of his debts and was not sufficient to express

an intent to charge specifically devised real estate with the payment of debts. This question was important because the claims were not filed timely and therefore were not payable out of the general estate. Thus the issue was not whether the estate was liable but whether specific property was charged by the language of the will with the payment of the debts.

In *Will of Borchardt* (1924), 184 Wis. 561, 200 N. W. 461, the will provided: "First. It is my will that all of my just debts, expenses of last sickness, and funeral expenses be first paid." The issue was whether the direction was sufficient to charge debts on a devised homestead which under the statute was exempted from debts. The court held the language was not sufficient.

The language of the will under consideration enlarges the effect of the statutes respecting claims and expenses. It directs the payment of "just debts of whatever nature or kind the same may be." This is a clear enlargement of the concept of ordinary debts. The will also directs the payment of "expenses of my last sickness." There is no restriction that these debts are to be paid only if the decedent is primarily liable for such expenses or only if her husband does not pay them. It is not uncommon or unnatural for a person contemplating death to be more generous and less technical than the law. This view is fortified by the last part of the same sentence in which the decedent gave her executrix the power to settle and compromise any and all claims. This grant was in addition to the more general powers in paragraph four which were given to sell and convey property without approval of the court.

We think the language of this will requires the executrix or anyone acting in that capacity to pay just claims whether or not they are otherwise legally enforceable and

to pay the expenses of the decedent's last illness whether or not they would otherwise be valid claims against her estate. The direction in the will in effect creates a class of debts or claims against the estate which may be filed and proved according to the manner provided for claims in ch. 313, Stats. We agree with the trial court that a will is a sacred document and the intent of the testator expressed therein should be carried out. *See Will of Tousey* (1951), 260 Wis. 150, 50 N. W. 2d 454.

*By the Court.*—Judgment affirmed.