The judgment of the district court will be affirmed.

Frances GREENE, as Executrix of the Estate of Carl W. Greene, Deceased, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 72-1155.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 22, 1973.

Decided April 5, 1973.

Richard J. Gould, Green Bay, Wis., for plaintiff-appellant.

Scott P. Crampton, Asst. Atty. Gen., Dennis M. Donohue, Atty., Tax Div., Dept. of Justice, Washington, D. C., David J. Cannon, U. S. Atty., Milwaukee, Wis., for defendant-appellee.

Before CASTLE, Senior Circuit Judge, CUMMINGS and SPRECHER, Circuit Judges.

CASTLE, Senior Circuit Judge.

Frances Greene, the widow of and executrix under the will of Carl W. Greene, has appealed from the denial of her claim for a refund of a portion of the federal tax paid on her husband's estate, 336 F. Supp. 464 (E.D.Wis.1971). At issue on this appeal is whether the Commissioner of Internal Revenue correctly determined that the estate taxes on the estate of Carl W. Greene should be paid out of the property passing to his widow.

Mr. Greene passed away on February 25, 1967, leaving a gross estate of $748,-956.89. His will provided, in part:

FIRST: It is my will and I hereby direct that all my just debts and expenses of last illness and funeral be paid by my executor hereinafter named as soon after my decease as conveniently may be.

SECOND: All of my property, wherever located and of whatever nature, I give, devise and bequeath to my wife, Frances Greene.

On August 28, 1966, Mrs. Greene filed a Declaration of Renunciation by which she disclaimed $368,727.25 worth of common stock which would have passed to her under the will; this stock then passed to her three sons under Wisconsin law as though it had been intestate property. On May 25, 1967, Mrs. Greene filed the estate tax return for the estate which claimed a marital deduction of $360,703.-69, for, under her computations, she was to get $380,229.14 of the estate and her sons were to pay the estate taxes and expenses out of the stock that passed to them through the renunciation. On March 27, 1969, the Commissioner of Internal Revenue assessed a deficiency of $39,545.75 in taxes and $5231.95 in interest against the estate. He determined that the provisions of Carl W. Greene's will required that the estate pay federal taxes before it made any distributions to Mrs. Greene, and that accordingly Mrs. Greene's share of the estate was $236,-751.09 and her marital deduction was only $223,391.02. Mrs. Greene paid the alleged deficiency and then filed a claim for a refund, which was denied.

The County Court for Brown County, Wisconsin, where the will of Carl W. Greene had been admitted to probate, ruled on December 13, 1969 that the debts, expenses and federal estate taxes of the estate be paid out of the stock which was disclaimed by Frances Greene. On June 26, 1970, Mrs. Greene filed a complaint in the federal district court for a refund of the alleged deficiency that she had paid. The district court denied her claim, finding that neither Wisconsin law nor the decision of the Brown County Court required that the renounced property which passed to the sons should pay the estate taxes owing.

Our consideration of the arguments presented on this appeal indicates that two fundamental questions are involved: 1) what interpretation and effect should be given to the direction in Carl Greene's will that the just debts and expenses of his last illness and funeral be paid by his executor, and 2) what effect should be given to the judgment of the Brown County Court that the renounced property bear the payment of the estate taxes and expenses.

In resolving the first issue, and in determining whether the estate shall realize a lower marital deduction under 26 U.S.C. § 2056(b)(4)(A) because the estate tax, debts, and administration expenses are subtracted from the gross

estate before the marital deduction is computed, we must look to Wisconsin law. Congress has determined that state law should decide upon whom the burden of the federal estate tax should fall, and, consequently, the amount of the marital deduction allowed to a widow taking property through her husband's will. Riggs v. Del Drago, 317 U.S. 95, 97, 63 S.Ct. 109, 87 L.Ed. 106 (1942), Will of Uihlein, 264 Wis. 362, 371–372, 59 N.W.2d 641, 646 (1953).

■ A person executing a will in Wisconsin has two general options in determining which of his heirs shall bear the burden of the taxes levied against his estate. First, he may provide through his will that certain property shall be utilized for the payment of the taxes. See Wis.Stat. § 313.26 (1969) (This statute, in effect prior to April 1, 1971, has subsequently been amended.). Secondly, he can make no provision for payment and let the tax liability be determined through application of certain statutory and common law rules. See, e. g., Wis.Stat. § 863.11 (1971) (amended version of §§ 313.26–313.28), Estate of Joas, 16 Wis.2d 489, 114 N.W.2d 831 (1962), Estate of Esch, 4 Wis.2d 577, 91 N.W.2d 233 (1958), McGonigal v. Colter, 32 Wis. 614 (1873). Appellant argues that Carl W. Greene in effect made no provisions in his will that any property was to be used to pay the estate taxes. She argues that the property she renounced should therefore be treated as intestate property under Wis.Stat. § 238.135, and that this property should be used first to pay the debts and expenses of the estate under § 313.27 because, in the words of that statute, "the provisions made by will are not sufficient to pay the debt. . . ."

The key to appellant's argument, then, is whether Carl W. Greene did make provisions in his will which were sufficient to pay his debts, including the estate tax.

■ On its face, the first clause of the will appears to be a provision making all of the estate property available for the payment of the estate tax and other debts. We read the direction that the debts be paid "as soon as conveniently may be" as a command that the executrix use whatever property is necessary to pay the estate tax before disposing of the residue of the estate. Wisconsin law makes no distinction between state taxes and the other debts of a decedent. Will of Uihlein, 264 Wis. 362, 376, 59 N.W.2d 641, 648 (1953), cf. Re Doerfler's Estate, 348 Ill.App. 347, 109 N.E.2d 230 (1952). Nor can we ignore the fact that Mr. Greene provided that his wife was to receive all his property after the payment of debts and expenses unless she predeceased him or failed to survive him by 60 days. It is only logical to assume that Mr. Greene realized that his wife would have to pay the estate taxes out of the property passing to her. Will of Cudahy, 251 Wis. 116, 119, 28 N.W.2d 340, 341 (1947). Conversely, the will contains no indication that Mr. Greene contemplated a shift in the estate tax burden should his wife renounce a portion of the property given her under the will.

Appellant has attempted to establish that, despite its appearance, the first clause of the will was mere surplusage without legal effect. See, e. g., Estate of Koebel, 225 Wis. 342, 345, 274 N.W. 262, 264 (1937). We read the cases cited by appellant as merely adhering to the common law rule that the personal property in an estate is to be charged with the payment of debts before the real property is charged, and holding that language similar to that contained in the first clause of Carl Greene's will is insufficient to change this rule. These cases do nothing to undermine the efficacy of a general direction that all the property of a testator be liable for the payment of taxes. In fact, the Wisconsin Supreme Court has recently held that such a general direction is legally effective as a means of directing the payment of estate debts. Estate of Pfaff, 41 Wis.2d 159, 161–162, 163 N.W. 2d 140, 141 (1968). We find no reason not to give effect to Mr. Greene's direc-

tion for the payment of his debts before the distribution of his property.

■ We are also cognizant of the provisions of Wis.Stat. § 313.26 which before its 1971 amendment allowed a testitor to designate which property passing under his will should be assessed for the payment of his estate tax. The statute provided:

. . . but a general direction to pay his debts out of his property shall not subject the homestead to the payment thereof.

We interpret this language as a legislative recognition that a testator can insert an effective provision in his will to make all of his nonhomestead property liable for the payment of his debts. We find that the first clause in Carl Greene's will did just that. Accordingly, we hold that "the provisions made by the will" were sufficient to pay his debts, and that it is unnecessary to invoke the operation of the other statutory provisions cited by the appellant.

Appellant also argues that, even if this court should find that her husband designated that she pay the estate tax by the terms of his will, this court should impute an intent to him to realize the fullest marital deduction possible in the event that she should renounce some property. She cites Dodd v. United States, 345 F.2d 715, 719 (3d Cir. 1965), to support the proposition that it would be incredulous to think that her husband would have intended his estate to pay the highest possible estate tax by making his wife pay the entire amount of the estate tax under the present circumstances. We are bound by Wisconsin law and the enunciated reluctance of Wisconsin courts to grant an estate the fullest marital deduction when the terms of the will do not expressly provide that estate taxes should be paid from the portion of the estate that does not qualify for the marital deduction, Estate of Bauknecht, 49 Wis.2d 392, 396–397, 182 N.W.2d 238, 241 (1971), see also Will of Uihlein, 264 Wis. 362, 377–378, 59 N.W.2d 641, 649 (1953). Accordingly, we will not speculate on the intent of Mr. Greene.

■ The second main issue centers on what effect should have been given by the district court to the judgment of the Brown County Court which held that Mrs. Greene's sons should pay the estate tax out of the property that passed to them because of their mother's renunciation. The standard for considering such state court determinations as delineated by Commissioner of Internal Revenue v. Estate of Bosch, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967), does not require federal courts to be bound by the decisions of state probate courts:

It follows here then, that when the application of a federal statute is involved, the decision of a state trial court as to an underlying issue of state law should not be controlling. . . . If there be no decision by . . . [the highest court of the State] then federal authorities must apply what they find to be the state law after giving "proper regard" to relevant rulings of other courts of the State. In this respect, it may be said to be, in effect, sitting as a state court.

The appellant contends that the opinion of the district court did not indicate that it had given "proper regard" to the decision of the Brown County Court. It is apparent, however, that the district court disagreed with the decision of that court, concluding that the Wisconsin Supreme Court would have decided the case differently if there had been a party who had taken an appeal, and consequently decided not to follow it.

We concur in this action by the district court. As previously indicated, Wisconsin law supports the position taken by the district court in this case. Furthermore, the record contains no indication of what reasoning or case law the state court relied upon in reaching its decision, or what "relevant rulings" had been made by the "other courts of the State." The district court may have

**120**

also determined that the state court decision was not tempered by a "genuinely adversary proceeding." *Id.* at 481, 87 S.Ct. 1776 (Harlan J., dissenting), for appellant did not contest the government's representation on this appeal that no appearance was entered for the sons in the state probate court proceeding.

The judgment of the district court dismissing appellant's action is affirmed.

Affirmed.